FILED

2012 OCT 12  AM 10: 36

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY Law

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FEDERAL NATIONAL MORTGAGE     ) Case No. CV 12-8228-UA-DUTY
ASSOCIATION,                  )
                              )
                Plaintiff,    ) ORDER SUMMARILY REMANDING
                              ) IMPROPERLY REMOVED ACTION
        vs.                   )
                              )
ILIA CRISTINA KOBEH et        )
al.,                          )
                              )
                Defendants.   )
_____ )

    The Court hereby summarily remands this unlawful-detainer
action to state court because Defendant removed it improperly.
Defendant was already advised three times, in Case Nos. CV
12-5888-MWF-SH, CV 12-6870-UA-DUTY, and CV 12-7260-UA-DUTY, that
she may not remove this action to federal court.  Thus, the Court
has, by separate order, declared Defendant a vexatious litigant
pursuant to Local Rule 83-8.
    On September 24, 2012, Defendant, having been sued in what
appears to be a routine unlawful-detainer action in California
state court, lodged a Notice of Removal of that action to this
Court and also presented an application to proceed in forma

1

1  pauperis.  The Court has denied Defendant's IFP application under
2  separate cover because the action was not properly removed.  To
3  prevent the action from remaining in jurisdictional limbo, the
4  Court issues this Order to remand it to state court.

5      This action is not properly removed because Plaintiff could
6  not have brought it in federal court in the first place;
7  Defendant does not competently allege facts supplying either
8  diversity or federal-question jurisdiction, and therefore removal
9  is improper.  28 U.S.C. § 1441(a); see Exxon Mobil Corp. v.
10  Allapattah Servs., Inc., 545 U.S. 546, 563, 125 S. Ct. 2611,
11  2623, 162 L. Ed. 2d 502 (2005).  Even if complete diversity of
12  citizenship exists, the amount in controversy does not exceed the
13  diversity-jurisdiction threshold of $75,000.  See 28 U.S.C.
14  §§ 1332, 1441(b).  Although Defendant asserts that the amount in
15  controversy "exceed[s] $75,000" (Notice of Removal at 2), removal
16  is improper if it is "facially apparent" from the complaint that
17  the amount-in-controversy requirement is not satisfied.  See
18  Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 690 (9th Cir.
19  2006).  Here, the unlawful-detainer Complaint clearly recites
20  that the amount in controversy is "less than $10,000.00."[1]

21      Nor does Plaintiff's unlawful-detainer action raise any
22  federal legal question.  See 28 U.S.C. §§ 1331, 1441(a).

23

---

24      [1] Moreover, even if the amount in controversy were ambiguous
25  from the face of the Complaint, which it is not, it would then be
   Defendant's burden to submit "summary-judgment-type evidence" to
26  prove by a preponderance of the evidence that the amount-in-
   controversy requirement had been satisfied.  See Abrego Abrego, 443
27  F.3d at 683, 690; Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395,
28  400 (9th Cir. 2010).  Defendant has not submitted any such
   evidence.

1    Defendant asserts that federal-question jurisdiction exists
2    because Plaintiff's eviction of Defendant violated her
3    constitutional rights to due process and equal protection.
4    (Notice of Removal at 2.)  To the extent Defendant's allegations
5    constitute a counterclaim, they still do not provide a basis for
6    federal-question jurisdiction.  It is well established that a
7    suit "arises under" federal law within the meaning of § 1331
8    "only when the plaintiff's statement of his own cause of action
9    shows that it is based upon [federal law]." <u>Vaden v. Discover</u>
10   <u>Bank</u>, 556 U.S. 49, 59, 12 S. Ct. 1262, 1272, 173 L. Ed. 2d 206
11   (2009) (alteration in original).  Federal jurisdiction "cannot be
12   predicated on an actual or anticipated defense," nor can it rest
13   upon "an actual or anticipated counterclaim." <u>Id.</u> at 60.
14   Because the Complaint on its face alleges only an unlawful-
15   detainer action under state law, no basis for federal-question
16   jurisdiction exists.  <u>See</u> <u>HSBC Bank USA, N.A. v. Bryant</u>, No.
17   09-CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10,
18   2009) (remanding unlawful-detainer action because "no basis for
19   'federal question' jurisdiction" existed despite defendant's
20   assertion of federal counterclaims).

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court, Los Angeles County, 9425 Penfield Avenue, No. 1200, Chatsworth, California, 91311, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of it on the parties.

IT IS SO ORDERED.

DATED: 10/5/12

GEORGE H. KING
CHIEF U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

4